OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Whitten, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Dayton Bar Association v. Jessup.
     [Cite as Dayton Bar Assn. v. Jessup (1993),
          Ohio St.3d        .]
Attorneys at law -- Misconduct -- Two-year suspension with
     final year suspended on conditions -- Conduct involving
     dishonesty, fraud, deceit or misrepresentation -- Failure
     to notify client of funds received -- Failure to promptly
     deliver funds to client -- Neglect of an entrusted legal
     matter.
     (No. 92-2162 - - Submitted January 6, 1993 -- Decided
February 24, 1993.)
     On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 91-54.
     In an amended complaint filed April 13. 1992, relator,
Dayton Bar Association, charged respondent, Janice L. Jessup
(Attorney Registration No. 0032410), with seven counts of
disciplinary infractions.  In her answers, respondent generally
denied the allegations.  Thereafter, a  panel of the Board of
Commissioners on Grievances and Discipline of the Supreme Court
held a hearing on the matter on June 12, 1992.
     The parties' stipulations and evidence at the hearing
established several disciplinary violations.  As to Count I,
respondent in June 1989, settled a client's personal-injury
lawsuit and received an insurer's check for $4,500.  However,
respondent failed to obtain her client's authorization to
settle.  Then, respondent held the funds without permission or
notification to her client.  In September 1991, respondent
remitted to her client the full settlement amount minus $50 for
a filing fee.
     In Count II, respondent represented a long-time close
friend in a personal-injury claim.  Respondent obtained her
client's authority to settle for $11,000, but in fact settled
the claim for $14,000.  Nonetheless, respondent used a
previously prepared statement, reflecting a $11,000 settlement,
and did not tell her client of the higher settlement achieved.
Respondent asserted she held the additional money "to handle
other things that I knew would be coming up."  When her client
needed more money, respondent informed her client of the

discrepancy and remitted the balance owed.

In both Counts I and II, the parties and panel agreed that respondent violated DR 1-102(A)(4)(conduct involving dishonesty, fraud, deceit, or misrepresentation), 9-102(B)(1)(failing to notify a client of funds), and 9-102(B)(4)(failing to promptly deliver client funds received). The panel found no violation as to Counts III and IV of the complaint, and relator withdrew Count VI.

Count V involved respondent's employment as an attorney for a minor's guardianship. During this representation, Charlene Stevens, a paralegal employed by respondent, misappropriated funds belonging to the guardianship. Respondent, who represented both the guardian and Stevens on general legal matters, thereafter prepared portions of a settlement agreement between Stevens and the guardian to resolve the guardian's claim. The board found that respondent violated DR 5-105(B) (continuing multiple representation adversely affecting an attorney's independent judgment).

In Count VII, respondent provided legal services to assist with the administration of an estate. Respondent did prepare a variety of documents for the estate. However, respondent failed to ensure that estate accountings were filed between 1987 and 1991. The panel concluded that respondent had violated DR 6-101(A)(3)(neglect of an entrusted legal matter).

Other evidence established that respondent had rendered public service as a legal-aid attorney and as an assistant county prosecuting attorney. Moreover, respondent had a drug-dependency problem with a prescription drug. However, her psychiatrist was of the opinion that respondent had been drug free for the five months preceding the time of the hearing.

The panel recommended that respondent be suspended for two years with the final year being suspended on the following conditions being satisfied within the first year: (a) respondent enter, and successfully complete, an out-patient chemical-dependency rehabilitation program; (b) respondent continue on a regular basis outpatient psychiatric treatment; and (c) respondent meet continuing-legal-education requirements during her suspension. Following the initial one-year suspension, respondent's legal activities are to be monitored for a full year by relator. The board adopted the findings, conclusions of law, and recommendation of the panel, and further recommended that costs be taxed to respondent.

Gary J. Leppla for relator.
Gwendolyn Bowers and Charles Smiley for respondent.

Per Curiam. We agree with the board's findings and recommendation. Accordingly, we order that respondent be suspended from the practice of law in Ohio for two years, with the final year being suspended upon the conditions set forth in the board's report. Costs taxed to respondent.

Judgment accordingly.
Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.